**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

LORETTA GAYLE BALLARD,

                Plaintiff,

v.                                         CIVIL ACTION NO.  5:09-cv-00011

PNC FINANCIAL SERVICES GROUP, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Quash Insufficient Service of Process [Docket 4].  Plaintiff filed the instant complaint in the Circuit Court of Raleigh County, West Virginia, on November 14, 2008, alleging breach of contract and violations of the West Virginia Consumer Credit and Protection Act.  Defendant filed its Notice of Removal [Docket 1] in this Court on January 7, 2009, and filed its Motion to Quash Insufficient Service of Process [Docket 4] on February 12, 2009.  To date, Plaintiff has not responded to the motion.  Thus, the matter is now ripe for the Court's consideration.

*I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Relevant to the instant motion, Defendant is a nonresident corporation that is headquartered and maintains its principal place of business in Pittsburgh, Pennsylvania.  After filing her complaint in the Circuit Court of Raleigh County, Plaintiff attempted to serve a copy of the summons and complaint on Defendant through the Office of the Secretary of State of West Virginia.  (Docket 1-2 at 3.)  The complaint was mailed to: PNC Financial Services Group, Inc., 3232 Newmark Drive,

Miamisburg, OH 45432.  A review of the West Virginia Secretary of State's Service of Process database reveals that the mailing was delivered to that address on December 15, 2008, and signed for by Walter Thompson.  West Virginia Secretary of State's Office, Service of Process Details, http://www.wvsos.com/uccsop/viewDetails.aspx?cntrlnum=269617 (last visited April 9, 2009). Defendant admits that, "[d]espite plaintiff's noncompliance with Rule 4, [Defendant] received notice of this Action sometime after December 8, 2008, when it obtained a copy of the Complaint." (Docket 1 at 2.)  Notably, the summons bears a stamp with the word "LITIGATION" at the top and bottom, and the date "DEC 17 2008."  (Docket 1-2 at 2.)

## II. APPLICABLE LAW

"The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4."  *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)); *see also Norlock v. City of Garland,* 768 F.2d 654, 656 (5th Cir. 1985); *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citations omitted) ("Where the validity of service is contested, the burden is on the party claiming proper service has been effected to establish validity of service.").  The Court "may weigh and determine disputed issues of fact on a Rule 12(b)(5) motion."  *Cranford*, 359 F. Supp. 2d at 984 (citations omitted). If "undisputed evidence shows that the person upon whom process was served is not the agent of the defendant and is not authorized to receive service of process issued against such defendant, the motion to quash service and to dismiss the defendant from the action should be granted."  *Sunbeam Corp. v. Payless Drug Stores*, 113 F. Supp. 31, 46 (N.D. Cal. 1953)  Should the Court determine that service of process "is insufficient, the [C]ourt has broad discretion to dismiss the action or to

2

retain the case but quash the service that has been made on defendant." *Cranford*, 359 F. Supp. 2d at 984 (citation omitted).

Rule 4 provides that an individual may be served by, among other things, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Thus, the Court must turn to Rule 4 of the West Virginia Rules of Civil Procedure, which provides, in the case of private corporations, that service may be effected "by delivering or mailing . . . a copy thereof to any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf." Two sections of the West Virginia Code address service of process on a nonresident corporation: § 56-3-33 and § 31D-15-1510.

The Court will begin with § 56-3-33, which states that an activity, such as transacting business within the state,

> shall be deemed equivalent to an appointment by such nonresident [corporation] of the Secretary of State, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state . . . .

W. Va. Code § 56-3-33(a). Having designated the Secretary of State as a nonresident corporation's attorney-in-fact for purposes of service of process, the statute continues on to set forth the proper means for service:

> Service shall be made by leaving the original and two copies of both the summons and the complaint, and the fee required by section two, article one, chapter fifty-nine of this code with the Secretary of State, or in his or her office, and such service shall

3

be sufficient upon such nonresident: *Provided*, That notice of such service and a copy of the summons and complaint shall forthwith be sent by registered or certified mail, return receipt requested, by a means which may include electronic issuance and acceptance of electronic return receipts, by the Secretary of State to the defendant at his or her nonresident address and the defendant's return receipt signed by himself or herself or his or her duly authorized agent or the registered or certified mail so sent by the Secretary of State which is refused by the addressee and which registered or certified mail is returned to the Secretary of State, or to his or her office, showing thereon the stamp of the post-office department that delivery has been refused.

§ 56-3-33(c).

The other section, § 31D-15-1510, is similar:

[T]he Secretary of State is hereby constituted the attorney-in-fact for and on behalf of each foreign corporation authorized to do or transact business in this state pursuant to the provisions of this chapter.  The Secretary of State has the authority to accept service of notice and process on behalf of each corporation and is an agent of the corporation upon whom service of notice and process may be made in this state for and upon each corporation.  No act of a corporation appointing the Secretary of State as attorney-in-fact is necessary.  Service of any process, notice or demand on the Secretary of State may be made by delivering to and leaving with the Secretary of State the original process, notice or demand and one copy of the process, notice or demand for each defendant, along with the fee required by section two, article one, chapter fifty-nine of this code.  Immediately after being served with or accepting any process or notice, the Secretary of State shall: (1) File in his or her office a copy of the process or notice, endorsed as of the time of service or acceptance; (2) transmit one copy of the process or notice by registered or certified mail, return receipt requested, by a means which may include electronic issuance and acceptance of electronic return receipts, to: (A) The foreign corporation's registered agent; or (B) if there is no registered agent, to the individual whose name and address was last given to the Secretary of State's office as the person to whom notice and process are to be sent and if no person has been named, to the principal office of the foreign corporation as that address was last given to the Secretary of State's office. If no address is available on record with the Secretary of State, then to the address provided on the original process, notice or demand, if available; and (3) transmit the original process, notice or demand to the clerk's office of the court from which the process, notice or demand was issued.  Service or acceptance of process or notice is sufficient if return receipt is signed by an agent or employee of the corporation, or the registered or certified mail sent by the Secretary of State is refused by the addressee and the registered or certified mail is returned to the Secretary of State, or to his or her office, showing the stamp of the United States postal service that delivery has been refused, and the return receipt or registered or certified mail is

received by the Secretary of State by a means which may include electronic issuance and acceptance of electronic return receipts.

§ 31D-15-1510(d).

Although nothing in either statute defines who may be an "agent" for purposes of receipt of process, "when service is made upon an agent he must be a person of sufficient character and rank to make it reasonably certain that the [defendant] will be apprised of service made through that agent." *Bailey v. Boilermakers Local 667*, 480 F. Supp. 274, 278 (N.D. W. Va. 1979) (holding that service on agent who was neither appointed for receiving service of process nor a member of unincorporated association was insufficient to effect service on association).  Courts have noted that "receipt of actual notice is an important factor in considering whether service of process is adequate."  *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.14 (11th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460, 463 n.1 (1965) (dictum); and *Miliken v. Meyer*, 311 U.S. 457, 463 (1940)).  Although actual notice is not dispositive as to the issue of sufficient service, "where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4 . . . should be liberally construed to effectuate service and uphold the jurisdiction of the court."[1]  *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963).

---

[1]  Although the Fourth Circuit has subscribed to the liberal construction method, the Supreme Court of Appeals of West Virginia has stated that "[s]trict compliance with the statutory provisions prescribing the service of process is required."  *McClay v. Mid-Atlantic Country Magazine*, 435 S.E.2d 180, 185 (W. Va. 1993).

5

### III.  ANALYSIS

Defendant's sole contention is that Plaintiff "directed the Secretary of State to transmit the Summons and Complaint to 3232 Newmark Drive, Miamisburg OH, 45432, rather than to PNC's principal office (in Pennsylvania) as required by West Virginia law."  (Docket 4 at 2.)  In support of that contention Defendant cites to *Bowers v. Wurzburg*, 519 S.E.2d 148 (W. Va. 1999), for the proposition that service is insufficient where process is transmitted to an address other than a nonresident corporation's principal place of business.  A careful review of *Bowers* is therefore appropriate.

In *Bowers*, the plaintiff attempted to serve process on Ito-Yokado Co. (Ito), a Japanese company with its principal place of business in Tokyo, Japan, and a separate office in Seattle, Washington.  Plaintiff effected service by delivering to the Secretary of State of West Virginia, as Ito's attorney-in-fact, a copy of the summons and complaint in accordance with West Virginia Code §§ 56-3-33(c) and 31-1-15 (1984).  The Secretary of State then delivered the summons and complaint to Ito at its Seattle office.

The West Virginia court recognized that when the Secretary of State is capable of accepting service and has been served accordingly, "the secretary is required, in turn, to send such pleading to the named nonresident defendant."  *Bowers*, 519 S.E.2d at 160.  The court further recognized that "[d]ifficulty arises . . . in ascertaining the precise address of the nonresident defendant to which the pleading should be sent."  *Id.*  The court noted that § 56-3-33 "which applies to all nonresident defendants, simply directs that a copy of the summons and complaint shall be sent to 'the defendant[,]' [while] § 31-1-15, which pertains to all nonresident defendants who are *corporations*, specifies that the pleading shall be sent to the 'corporation at the address of its principal office.'"

6

*Bowers*, 519 S.E.2d at 160 (emphasis added). Citing the preference for specific provisions over general provisions when two statutes address the same scenario, the court held that

> when the Secretary of State of West Virginia is deemed to be the attorney in fact for a nonresident defendant corporation pursuant to . . . § 31-1-15 . . . and . . . § 56-3-33 . . . , the address to which the secretary of state should transmit the summons, complaint, notice, or process is the address of the nonresident defendant corporation's principal office.

*Id.*

Because the Court is bound to apply West Virginia's law of service of process, *Bowers* would ordinarily be controlling. However, W. Va. Code § 31-1-15, which the court in *Bowers* relied upon to make its holding, was repealed in 2002 and replaced with § 31D-15-1510. 2002 W. Va. Acts 25. At that time, the statute directed the Secretary of State to forward process to

> (A) The foreign corporation's registered agent; or (B) if there is no registered agent, to the individual whose name and address was last given to the secretary of state's office as the person to whom notice and process are to be sent and if no person has been named, to the principal office of the foreign corporation as that address was last given to the secretary of state's office.

§ 31D-15-1510 (2002). In 2008, the West Virginia Legislature again amended § 31D-15-1510 to its current form. 2008 W. Va. Acts 194. Notably, § 31D-15-1510 differs from its predecessor in that in the event the Secretary of State has no address on record, he or she is directed to forward the process to the address provided on the original process. The relevant portion thus reads:

> (A) The foreign corporation's registered agent; or (B) if there is no registered agent, to the individual whose name and address was last given to the Secretary of State's office as the person to whom notice and process are to be sent and if no person has been named, to the principal office of the foreign corporation as that address was last given to the Secretary of State's office. If no address is available on record with the Secretary of State, then to the address provided on the original process, notice or demand, if available.

7

§ 31D-15-1510(d) (2008).  Thus, while it appears that *Bowers* is no longer good law as to this issue, the Court is not aware of any court to have addressed this precise issue—*i.e.*, the precise address of the nonresident defendant to which the pleading should be sent—since the 2002 amendment, let alone the 2008 amendment.

Thus, the Court's review of the applicable statute is one of first impression.  Following the reasoning of West Virginia court in *Bowers*, 519 S.E.2d at 160, it is clear that § 31D-15-1510(d) governs.  Under that section, the Secretary of State is required to forward the process to the corporation's registered agent, to the individual named by the corporation, or to the corporation's principal place of business at the address provided to the Secretary of State by the corporation. § 31D-15-1510(d).  If no address is on record at the Secretary of State's office, the process is to be forwarded to the address provided on the original process.  *Id.*  In this case, there is no evidence that there was any address for PNC Financial Services, Inc., on record with the Secretary of State.[2] Indeed, the fact that the summons and complaint were forwarded to the Miamisburg, Ohio, address indicates that no such address was on file.  Therefore, the Secretary of State, in accordance with § 31D-15-1510(d), properly forwarded the summons and complaint to the address provided on the original process.

The statute further provides that "[s]ervice or acceptance of process or notice is sufficient if return receipt is signed by an agent or employee of the corporation, . . . and the return receipt or registered or certified mail is received by the Secretary of State by a means which may include electronic issuance and acceptance of electronic return receipts."  *Id.*  Thus, the current version of

---

[2]  A search of the West Virginia Secretary of State's website revealed no such information on record for PNC Financial Services, Inc.  *See* West Virginia Secretary of State, http://www.wvsos.com/ (last visited April 10, 2009).

the statute does not mandate—in cases such as this where there is no address on record—that the Secretary of State forward a copy of the summons and complaint to a nonresident defendant corporation's principal place of business as was required under *Bowers* and the previous version of the statute.  Rather, the only requirement is that the return receipt be signed by an agent or employee of the corporation.[3]

In this case, the return receipt was signed for by Walter Thompson on December 15, 2008, and verification was returned to the Secretary of State's office by the United States Postal Service by letter dated December 22, 2008.  West Virginia Secretary of State's Office, Service of Process Details, http://www.wvsos.com/uccsop/viewDetails.aspx?cntrlnum=269617 (last visited April 9, 2009).  Thus, the issue becomes whether Walter Thompson is an agent or employee of Defendant.

There is no direct evidence in the record to determine the agency or employment status of Walter Thompson, however, circumstantial evidence indicates that it is likely he is an agent or employee of Defendant.  First, Defendant does not dispute that the Miamisburg, Ohio, address is one of its bona fide business locations.  If Walter Thompson signed for a United States Postal Service package addressed to PNC Financial Services at that address, it is more likely than not that he was an employee of Defendant assigned to that branch.

Second, and perhaps most importantly, Defendant received actual notice of the complaint.  It is well-established that when service is made on an agent, the agent "must be a person of sufficient character and rank to make it reasonably certain that the [defendant] will be apprised of service

---

[3] Service is also sufficient where "the registered or certified mail sent by the Secretary of State is refused by the addressee and the registered or certified mail is returned to the Secretary of State, or to his or her office, showing the stamp of the United States postal service that delivery has been refused."  § 31D-15-1510(d).

9

made through that agent." *Bailey*, 480 F. Supp. at 278 (citing *Bailey v. Transp.-Commc'n Employees Union*, 45 F.R.D. 444 (D. Miss. 1968)).  Here, not only was it "reasonably certain" that Defendant's purported agent, Walter Thompson, would apprise Defendant of service, but Defendant was *actually* apprised of service.  Thus, the fact that Defendant received actual notice of the complaint indicates that Walter Thompson likely was an employee or agent of Defendant, and possessed sufficient character and rank to apprise his superiors of the summons and complaint.

Moreover, while not dispositive, "actual notice of the commencement of the action and the duty to defend [indicates that] the provisions of Rule 4 . . . should be liberally construed to effectuate service and uphold the jurisdiction of the court." *Karlsson*, 318 F.2d at 668.  Here, construing the provisions of Rule 4 liberally, it is apparent that Plaintiff adhered to the rules such that service was sufficient.  There is no dispute that the Secretary of State is Defendant's attorney-in-fact and has the authority to accept service on its behalf.  Thus, Plaintiff properly complied with § 31D-15-1510(d) when she served the Secretary of State.  Having no address on record, the Secretary of State, in accordance with the provisions of the statute, forwarded the summons and complaint to the address listed on the original process, where it was signed for by Walter Thompson.  The summons and complaint then somehow made their way to Defendant's principal office in Pittsburgh, where the proper personnel obtained a copy of the complaint, *i.e.*, actual notice of the action.[4]  Accordingly, the Court **FINDS** that Defendant was properly served under the provisions of the Federal Rules of

---

[4]  Defendant admits in its notice of removal that it "received notice of this Action sometime after December 8, 2008, when it obtained a copy of the Complaint."  (Docket 1 ¶ 3.)  There is no evidence regarding how this happened.

Civil Procedure, West Virginia Rules of Civil Procedure, and West Virginia Code § 31D-15-1510(d).[5]

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Quash Insufficient Service of Process [Docket 4] is **DENIED**.  Defendant is **DIRECTED** to file its answer within **20 days** from entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        May 8, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[5]  The Court's decision is further informed by a policy favoring judicial economy.  Defendants do not seek an outright dismissal of the suit, rather, they seek an order quashing Plaintiff's service of process.  Should the Court quash Plaintiff's service, the Court would likely have granted Plaintiff an extension of time to effect proper service—a result which would place this case right back in its current procedural posture.  Raising the issue of insufficient service may be a useful tool to defendants against which default judgment has been entered for failure to answer.  But where, as here, a defendant has received actual notice of the action and the plaintiff has substantially arguably complied with the statutory directives, it would be a waste of the parties' resources to require Plaintiff to re-effect service.

11